OLGA MEDINA, Plaintiff-Appellant, v. AIR-MITE DEVICES, INC., Defendant-Appellee and Third-Party Plaintiff·(Fox Valley Manufacturing Company, Third-Party Defendant).

First District (4th Division) No. 86—2496

Opinion filed September 30, 1987.

504

John A. O'Malley, of O'Malley & O'Malley, Ltd., of Chicago, for appellant.

John S. Roadhouse and Gail Allyn Omahana, both of Conklin & Adler, Ltd., of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Olga Medina, brought an action in strict product liability to recover damages for personal injuries she suffered while operating an air press manufactured by defendant, Air-Mite Devices, Inc. Relying on the fact that the air press, as manufactured, is a multifunctional machine on which plaintiff's employer, Fox Valley Manufacturing Co. (hereinafter Fox Valley), made substantial alterations and additions, defendant filed a third-party complaint against Fox Valley seeking indemnity. The circuit court of Cook County entered summary judgment for defendant. Plaintiff appeals, contending that there were genuine issues of material fact to be resolved by a jury as to (1) whether Fox Valley's additions to the basic machine were material alterations sufficient to relieve defendant of liability; (2) whether the machine was unreasonably dangerous by reason of defendant's failure to provide a safety device to prevent the operator's hand from entering the die area; and (3) whether the machine's defective design or Fox Valley's alterations were the proximate cause of her injury.

We reverse and remand.

The machine involved is a "DAP 12-Model Stroke Punch Press," an industrial machine used for shaping metal by means of a ram which descends into a die with sufficient force to stamp out raw metal into a desired shape. It is manufactured by defendant and was sold to plaintiff's employer, Fox Valley. As manufactured, the press is a multifunctional machine consisting of an air cylinder mounted to a post which is attached to a base by a mounting bracket. The air press does not contain any points of operation, guards, or anti-tie-down devices. The purchaser adapts the press to its particular functions.

The undisputed evidence indicated that Fox Valley added a crimping or dimple die to the ram, a channel-like die set to the base, a foot pedal, and a metal rod attachment to the column of the machine itself. It was also established that Fox Valley generally adds a steel mesh guard which encloses the operating portion of the air press and provides a small opening which allows the unfinished

metal to be fed into the press. The air press, as both manufactured and used, performs a single basic function: an air-powered, downward application of force.

Around 1978, plaintiff was first employed as an assembler at Fox Valley. After leaving Fox Valley for employment at another factory, she returned to work there on April 1, 1981, and was again assigned to the assembly department. Shortly after her return, she was orally instructed on the operation of the press by a co-worker. On April 6, 1981, plaintiff sustained a compound fracture of the left little finger when she placed her hand near the ram of the operating air press while attempting to dislodge working material. The evidence is controverted, however, as to whether the steel mesh guard safety device was in fact installed on the particular machine on which plaintiff was injured.

Plaintiff filed suit in strict product liability seeking damages for personal injury and alleging that defendant manufactured, sold, and otherwise placed into commerce a certain air press which was unreasonably dangerous and defective when it left defendant's possession. Subsequently, defendant filed a third-party complaint against plaintiff's employer alleging that Fox Valley's negligent acts and/or omissions were the direct and proximate cause of plaintiff's injuries. Thereafter, defendant moved for summary judgment arguing that the mesh guarding provided by Fox Valley remedied any defective condition which might have existed at the time the press left its control, and that Fox Valley's undisputed alterations to the press were material and relieved it of liability as a matter of law. In opposition, plaintiff presented the deposition of her expert engineer, Donald Esposito, in which he claimed to have found six separate design and/or manufacturing defects, and the accident reports written by her supervisor, Karen Pierce, and the personnel manager of Fox Valley which reported that the accident was caused by the lack of guarding on the machine. However, Karen Pierce and another employee of Fox Valley, Franz Fisher, testified in deposition to the existence of some point of operation guarding on the press at the time of the occurrence, but they claimed the guarding was inadequate. The trial court granted summary judgment for defendant, ruling that (1) Fox Valley had substantially altered the machine, thereby relieving defendant of liability; and (2) plaintiff had presented insufficient evidence to establish that the machine was in an unreasonably dangerous condition at the time it left defendant's control. Plaintiff brings this appeal.

■ Recovery from a manufacturer under the theory of strict

product liability in tort requires the plaintiff to prove that (1) his injuries resulted from a condition of the product, (2) the condition was an unreasonably dangerous one, and (3) the condition existed at the time the product left the manufacturer's control. (*Rios v. Niagara Machine & Tool Works* (1974), 59 Ill. 2d 79, 83, 319 N.E.2d 232, 234; *Gasdiel v. Federal Press Co.* (1979), 78 Ill. App. 3d 222, 226, 396 N.E.2d 1241, 1244.) The Second Restatement of Torts (Restatement (Second) of Torts sec. 402A (1965)), which was adopted by our supreme court in *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182, capsulizes these elements and emphasizes the causal connection required for recovery. It premises recovery on the supposition that the injury was caused by the unreasonably dangerous condition of the product. Furthermore, it limits the imposition of strict liability to where the defective product reached the user or consumer without substantial change in the condition in which it was sold. (Restatement (Second) of Torts sec. 402A(b) (1965).) Thus, summary judgment in a strict product liability action is appropriate only where no genuine issue of material fact exists as to any of the above issues.

Plaintiff's basic contention is that there was sufficient evidence presented in opposition to the motion for summary judgment to make the issue of defendant's liability a jury question. Defendant counters by arguing that summary judgment was proper because plaintiff failed to, and indeed could not as a matter of law, establish any of the three elements necessary for her *prima facie* case and that such failure as to any one of these elements alone relieves it of liability for plaintiff's injury.

### A

■■ Plaintiff's first contention is that she presented sufficient evidence to warrant submission to a jury the question of whether the defective condition of the machine, which she alleges caused her injury, existed at the time the machine left the manufacturer's control. Defendant disagrees, alleging that, as a matter of law, plaintiff cannot meet this burden. Underlying this allegation is the Second Restatement's postulation that strict liability will only be imposed on the manufacturer where the product reaches the user or consumer without substantial change. Defendant points out that, as manufactured, the machine was generic and that Fox Valley made numerous alterations to it: the piston rod was modified with a crimping or dimple die; the column was modified with a metal rod attachment; the base was modified to accept a channel-like die set; and a foot

pedal was added and tooled. Plaintiff concedes that Fox Valley made alterations to the press, but argues that these were foreseeable and necessary to the intended use of the product and, therefore, are not superseding intervening causes. In support of its argument, defendant cites *Gasdiel v. Federal Press Co.* (1979), 78 Ill. App. 3d 222, 396 N.E.2d 1241, and *Coleman v. Verson Allsteel Press Co.* (1978), 64 Ill. App. 3d 974, 382 N.E.2d 36. Plaintiff distinguishes these cases on the basis that no causal connection exists between her injuries and the alterations made by Fox Valley.

In both *Gasdiel* and *Coleman* we affirmed the trial court's summary judgment for the defendant manufacturer. We ruled that the plaintiff's employer had substantially changed the condition and/or operation of the machine and that these substantial changes were the proximate cause of the injuries to the plaintiffs. In *Gasdiel,* the plaintiff was injured when she inadvertently activated the machine. Her employer had altered the starting mechanism, which, as manufactured, would have prevented such an accident. We found that the alteration of the starting mechanism was the direct and proximate cause of plaintiff's injury, not any defective condition of the machine which may have existed as manufactured.

Similarly, in *Coleman,* the machine on which plaintiff was injured had been manufactured with a safety feature built into the control panel which would have prevented plaintiff's injury. Plaintiff's employer had altered the control panel and, in so doing, eliminated the safety feature. We found that the manufacturer was relieved of liability because the employer's alterations were the direct and proximate cause of plaintiff's injury. Thus, the focal point in determining whether the alterations of a third party are sufficient to relieve the manufacturer of liability is whether the injury was caused by the defective condition of the product or the subsequent alterations of the third party. The fact that a third party has made alterations to a product does not inexorably relieve a manufacturer of liability.

In the instant case, the facts are not definitive on this issue. The causal connection between the defective product and the injury will only be broken if the intervening acts or omissions of a third party are improbable or unforeseeable, and, thus, superseding. "Foreseeability is usually a jury question but may be decided as a matter of law where the facts demonstrate that plaintiff could never be entitled to recovery." (*Doran v. Pullman Standard Car Manufacturing Co.* (1977), 45 Ill. App. 3d 981, 987, 360 N.E.2d 440, 445.) From the record before us here, we cannot say that plaintiff could not meet her burden on this issue.

508

B

■ Plaintiff contends next that a genuine issue of material fact exists as to whether the condition of the press was unreasonably dangerous. She points out that it is uncontested that the press was manufactured and shipped without safety devices. In addition, she claims that this dangerous condition was not corrected prior to her injury. Accordingly, she summarizes, defendant remains liable for this uncorrected dangerous condition. Defendant attempts to argue that a manufacturer of à multifunctional machine is under no duty to provide a safety device where no one device would be appropriate for all of the possible uses of the machine. It finds support for this proposition in the appellate court's opinion in *Rios v. Niagara Machine & Tool Works* (1973), 12 Ill. App. 3d 739, 299 N.E.2d 86, *aff'd* (1974), 59 Ill. 2d 79, 319 N.E.2d 232.

In *Rios,* this court held that where machines are "multifunctional and where different types of safety devices would necessarily be required to obtain reasonable safety in performing these various functions, no duty should be imposed upon the manufacturer to provide any safety devices before the machine leaves his control." (12 Ill. App. 3d 739, 745, 299 N.E.2d 86, 91.) Although the supreme court affirmed *Rios,* they did so on another basis. In *dicta,* the court specifically states that its affirmance should not be construed as an acceptance of this theory. The court goes on to state that "[a]lthough the multifunctional nature of a product would be a factor to consider in determining whether a product is unreasonably dangerous, it would not necessarily be decisive of that question." (59 Ill. 2d 79, 86-87, 319 N.E.2d 232, 236.) The court stressed the rule that a manufacturer is under a nondelegable duty to produce a product which is reasonably safe. Furthermore, this court has since held "that such duty is not obviated when a multifunctional machine is placed into the stream of commerce." (*Scott v. Dries & Krump Manufacturing Co.* (1975), 26 Ill. App. 3d 971, 986, 326 N.E.2d 74, 84.) Thus, that part of defendant's argument fails.

■ Defendant's alternative argument is that any breach it committed by not providing a safety device was remedied by acts of Fox Valley. As support it cites that language in the supreme court's opinion in *Rios* which says that once a safety device has been attached to the machine by plaintiff's employer, "whatever unreasonably dangerous condition existed when it left the defendant's control by reason of the absence of safety devices were fully corrected." *Rios v. Niagara Machine & Tool Works* (1973), 59 Ill. 2d 79, 85, 319 N.E.2d 232, 236.

In *Rios*, plaintiff was injured when a ram descended on his hand while recovering a completed part from a punch press. Plaintiff's employer had installed a pull-out device which strapped to the arms and back of the operator and automatically pulled the operator's arm out of the danger area when the ram descended. The parties stipulated that at the time of the occurrence the safety device had malfunctioned. The supreme court held that the malfunction of the safety device was an intervening independent cause which relieved defendant from liability for marketing an unreasonably dangerous machine. They based this determination on the fact that the malfunction of the safety device caused the accident—not the unreasonably dangerous condition of the machine as manufactured. Thus, Illinois follows the general rule that "[w]here the intervention of a third party's defective alteration of the product is itself unreasonably dangerous and causes the injury, the original manufacturer is not liable." *Gasdiel v. Federal Press Co.* (1979), 78 Ill. App. 3d 222, 227, 396 N.E.2d 1241, 1244-45; *Coleman v. Verson Allsteel Press Co.* (1978), 64 Ill. App. 3d 974, 978, 382 N.E.2d 36, 39.

In the instant case, however, the evidence is controverted as to whether Fox Valley had actually installed a safety device prior to plaintiff's accident. It follows, therefore, that defendant cannot establish that the injury was caused by the inadequacy of the safety device rather than a defect in the machine. Thus, defendant fails to bring himself within the purview of the rule he advocates.

Defendant goes on to argue that the weight of the evidence established that safety guards created and implemented by Fox Valley were present at the time of plaintiff's injury. This argument is immaterial to our review here. The manifest weight of the evidence is only supportive of a determination that has been made by the trier of fact, but has no bearing to summary judgment.

The purpose of summary judgment proceedings is not to try an issue of fact, although inferences may be drawn from undisputed facts. Where facts are disputed or more than a single inference can be drawn from undisputed facts, the motion should be denied. "Where reasonable men could arrive at differing results, questions cannot be determined as a matter of law." (*Doran v. Pullman Standard Car Manufacturing Co.* (1977), 45 Ill. App. 3d 981, 986, 360 N.E.2d 440, 444.) Here, the facts are disputed; reasonable minds could arrive at differing results, and the issue should not have been decided by summary judgment.

510

## C

■ Plaintiff's final contention is that the award of summary judgment to defendant was improper because a genuine issue of material fact exists as to the proximate cause of her injury. She argues that summary judgment, in this instance, would be proper only if, as a matter of law, the court found that her injury was proximately caused by either (1) malfunctioning or voluntarily discarded safety devices provided by her employer, or (2) material alterations made by her employer. We agree.

As we have already discussed, several issues presented here must be resolved by a jury. As causation is the nexus of those inquiries, it is impossible to determine that issue here as a matter of law.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded for trial.

Reversed and remanded.

LINN and JIGANTI, JJ., concur.